Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8402 | **DATE** | May 13, 2004 |
| **CASE TITLE** | *DIRECTV v. Kamba* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant Mr. Kamba's motion to dismiss [7-1] is granted in part and denied in part. Specifically, because there is no private right of action for violations of 18 U.S.C. § 2512 based on the defendant's alleged possession of an unscrambling device, the motion to dismiss Count III is granted. The court further orders that the motion to dismiss DIRECTV's conversion claim (Count V) is denied. (Enter Memorandum and Order).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAY 19 2004 date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 10 |
| | Copy to judge/magistrate judge. | | |
| | | date mailed notice | |
| RTS/c | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

U.S. DISTRICT COURT CLERK
2004 MAY 19 AM 7:31
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIRECTV, Inc., )
    Plaintiff, )
     )
    v. ) 03 C 8402
     )
GEORGE KAMBA, )
    Defendant. )

DOCKETED
MAY 1 9 2004

## MEMORANDUM AND ORDER

Plaintiff DIRECTV claims that defendant George Kamba purchased equipment in order to illegally intercept its satellite signals. Mr. Kamba seeks to dismiss portions of the complaint. For the following reasons, the court finds that there is no private right of action for violations of 18 U.S.C. § 2512 based on Mr. Kamba's alleged possession of unscrambling devices and thus dismisses Count III. The motion to dismiss DIRECTV's conversion claim (Count V) is, however, denied.

**I. Discussion**

**A. Standard on a Rule 12(b)(6) Motion to Dismiss**

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *See, e.g., McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992). Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kunik v. Racine County, Wis.*, 946 F.2d 1574, 1579 (7th Cir. 1991).

## B. Count III — 18 U.S.C. §§ 2512 & 2520

In Count III, DIRECTV alleges that Mr. Kamba possessed a computer device that allowed him to unscramble its satellite signals in violation of 18 U.S.C. § 2512. Section 2512 is part of the Wiretap Act and provides that it is a criminal offense to intentionally manufacture, assemble, possess, or sell any device that is primarily used to surreptitiously intercept wire or electrical communications. 18 U.S.C. § 2512(b). DIRECTV asserts that it may seek damages based on Mr. Kamba's alleged violation of § 2512 under 18 U.S.C. § 2520, which provides that, "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter" may pursue a civil action against "the person or entity, other than the United States, which engaged in that violation." The parties disagree as to whether § 2520 provides a private right of action for a violation of § 2512.

Numerous courts have addressed this precise issue, although the Seventh Circuit has yet to consider it. The majority position is that § 2520 does not create a private cause of action based on the possession of an unscrambling device in violation of § 2512 because liability under § 2520 arises only if a defendant improperly intercepts, discloses, or uses a communication in violation of § 2511 of the Wiretap Act, which criminalizes the wrongful use of communications. *See* 18 U.S.C. § 2520 (allowing any person whose wire, oral, or electronic communication is improperly intercepted, disclosed, or used to pursue a civil action against the person who engaged in that violation). Section 2512 criminalizes the production, sale, or possession of devices whose primary purpose is to intercept communications. It is possible to possess an unscrambling device without necessarily engaging in the interception, disclosure, or use of communications. Thus, an allegation that a defendant possessed an unscrambling device is not

2

enough to establish that he improperly intercepted, disclosed, or used communications. *See, e.g., Delaney*, No, 03 3444 (N.D. Ill. Nov. 21, 2003) (unpublished order) (Kocoras, J.); *DIRECTV, Inc. v. Delaney*, No, 03 3444 (N.D. Ill. Nov. 21, 2003) (unpublished order) (Kocoras, J.); *DIRECTV v. Castillo*, No. 03 C 3456, 2004 WL 783066 (N.D. Ill. Jan. 2, 2004) (St. Eve, J.); *DIRECTV v. Maraffino*, No. 03 C 3441, 2004 WL 170306 (N.D. Ill. Jan. 23, 2004) (Lefkow, J.); *DIRECTV v. Rajkovac*, No. 03 C 8057, 2004 WL 856465 (N.D. Ill. Apr. 21, 2004) (Darrah, J.); *DIRECTV v. Frey*, No. 03 C 3476, 2004 WL 813539 (N.D. Ill. Apr. 14, 2004) (Zagel, J.); *DIRECTV v. Hauser*, No. 03 C 8396, 2004 WL 813628 (N.D. Ill. April 13, 2004) (Moran, J.); *DIRECTV v. Rath*, No. 03 C 50299, 2004 WL 793544 (N.D. Ill. Apr. 12, 2004) (Reinhard, J.).

In contrast, several of this court's colleagues have concluded that a private right of action exists because § 2520 states that "any person" whose communications are used "in violation of this chapter" may file a civil suit. *See, e.g., DIRECTV v. Dillon*, No. 03 C 8578, 2004 WL 906104 (N.D. Ill. Apr. 27, 2004) (Aspen, J.); *DIRECTV v. Dyrhaug*, No. 03 C 8389, 2004 WL 626822 (N.D. Ill. Mar. 26, 2004) (Shadur, J.); *DIRECTV v. Perez*, 279 F.Supp.2d 962 (N.D. Ill. 2003) (Coar, J.). The court is not persuaded by this interpretation of the statute because it focuses on only a portion of § 2520 and fails to consider that section in its entirety.

Moreover, in Count II, DIRECTV alleges that Mr. Kamba violated 18 U.S.C. § 2511. As noted above, § 2511 criminalizes attempts to intercept or use electronic communications as well as the wrongful use of those communications. Possession of an unscrambling device does not harm DIRECTV except insofar as it enables an individual to intercept DIRECTV's signals. DIRECTV may obtain relief under§ 2511 if it establishes that Mr. Kamba actually used his unscrambling device. Allowing DIRECTV to receive separate damages based on the possession

*and* use of an unscrambling device would lead to the imposition of double damages based on the same wrongful conduct. *DIRECTV v. Frey*, 2004 WL 813539 at *4. This further supports the court's conclusion that DIRECTV cannot pursue a claim under § 2520 based on the possession of an unscrambling device in violation of § 2512.

In sum, § 2520 only comes into play if a defendant intercepts, discloses, or uses a communication (*e.g.*, violates § 2511). Possession of an unscrambling device does not necessarily mean that a defendant actually used it and thus violated § 2511. Therefore, the court finds that there is no private right of action based on the alleged possession of an unscrambling device in violation of § 2512. Accordingly, the motion to dismiss Count III is granted.

### C. Count V — Conversion

In Count V, DIRECTV alleges that Mr. Kamba wrongfully converted its satellite signals. Mr. Kamba contends that DIRECTV cannot state a claim for conversion because the object of the alleged conversion is intangible. To state a claim for conversion, DIRECTV must allege that it has a right to the property at issue, it has an absolute and unconditional right to immediately possess that property, it has made a demand for possession, and that Mr. Kamba has wrongfully and without authorization assumed control, dominion, or ownership over that property. *See Cirrincione v. Johnson*, 703 N.E.2d 67, 70 (Ill. 1998). In Illinois, an action for conversion generally only lies for personal property which is tangible, or at least represented by or connected with something tangible." *In re Thebus*, 483 N.E.2d 1258, 1260 (Ill. 1985); *Bilit v. Northwestern University*, 692 N.E.2d 1327, 1334 (1st Dist. 1998).

Two Illinois Appellate Courts have interpreted *In re Thebus* to allow a plaintiff to pursue a conversion claim based on intangible assets. *See Stathis v. Geldermann, Inc.*, 692 N.E.2d 798

(1st Dist. 1998) (allowing conversion claim based on the defendant's corporate takeover which prevented the plaintiff from controlling or benefitting from the corporation, which was the object of the conversion); *Conant v. Karris*, 520 N.E.2d 757 (1st Dist. 1987) (allowing conversion claim when the defendant allegedly showed another party confidential information but did not physically give the confidential information to that party). These decisions both focus on the fact that the conversion prevented the plaintiff from receiving a benefit from the objects of the alleged conversion. *See DIRECTV, Inc. v. Green*, No. 03 C 3542 (N.D. Ill. Nov. 10, 2003) (unpublished order) (Coar, J.).

The court finds that these decisions are consistent with *In re Thebus* in that they are based on a finding that the plaintiffs were wrongfully deprived of an identifiable object of property. The property at issue in this case – satellite signals – is also an identifiable object of property and thus may be used as the basis for a conversion action. It is true that the signals are not tangible in the sense that they cannot be touched or measured physically. However, according to the complaint, they are objective and quantifiable assets. The court declines to deprive DIRECTV from capitalizing on these assets simply because the assets are technologically advanced and operate computers even though they are invisible to the naked eye.

The court also respectfully disagrees with the conclusion that an action for conversion lies only if the defendant completely deprives the plaintiff of the use of its property. *See DIRECTV, Inc. v. Green*, No. 03 C 3542 at 4 (Coar, J.); *see also DIRECTV, Inc. v. Patel*, No. 03 C 3442, 2003 WL 22682443 (N.D. Ill. Nov.12, 2003) (Coar, J.); *DIRECTV v. Castillo*, 2004 WL 783066 at *2 (St. Eve. J.) (following *Patel*). DIRECTV has alleged that Mr. Kamba deprived it of some of the benefits of its property by wrongfully intercepting its signals. Under a

rule requiring complete deprivation of the use of an asset, if one subscriber paid for her satellite service and 1,000,000 people used pirating devices, DIRECTV would not be able to pursue a cause of action for conversion against any of the pirates because it was receiving a benefit, albeit a small one, from its property. The court does not believe that The Illinois Supreme Court would condone this result because a plaintiff in a conversion action need only allege that it has a right to the property at issue, not that it has been completely deprived of the use of its property. *See Cirrincione v. Johnson*, 703 N.E.2d at 70. The court thus concludes that a plaintiff can state a claim for conversion even if a defendant does not deprive it of 100% of the benefit of its property.

In sum, this court believes that DIRECTV's allegation that its signals are objective and quantifiable is enough to place it within the ambit of *In re Thebus* and the other Illinois cases addressing the tangible/intangible distinction. When the court views the complaint in the light most favorable to DIRECTV, as it must at the motion to dismiss stage, it finds that DIRECTV has stated a claim for conversion. Thus, the motion to dismiss Count V is denied.

## II. Conclusion

For the above reasons, the court finds that there is no private right of action for violations of 18 U.S.C. § 2512 based on Mr. Kamba's alleged possession of an unscrambling device. The motion to dismiss Count III is, therefore, granted. The motion to dismiss DIRECTV's conversion claim (Count V) is, however, denied.

DATE:

Blanche M. Manning
U.S. District Court Judge

03cv8402.md

6